Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT **FILED**

for the

_____ District of _____

_____ Division

**FILED**

JUN 1 0 2025

JOAN KANE, CLERK
U.S. DIST. COURT WESTERN DIST. OKLA.
BY_____, DEPUTY

Shawn Reed

_Plaintiff(s)_
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Jill Bashorun; D.O.T.S. LLC

_Defendant(s)_
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. CIV-25-629-PRW

_(to be filled in by the Clerk's Office)_

Jury Trial: _(check one)_ ☒Yes ☐No

**FILED**

JUN 1 0 2025

JOAN KANE, CLERK
U.S. DIST. COURT WESTERN DIST. OKLA.
BY_____, DEPUTY

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name             Shawn Reed
Address          17077 E. County Road 1610
                 Foster          OK      73434
                      City          State      Zip Code
County           Garvin
Telephone Number 405-952-4061
E-Mail Address   maddiesdad2024@gmail.com

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name                       Jill Bashorun
Job or Title (if known)    920770 Deer Ridge Lane
Address
                 Wellston         OK      74881
                      City          State      Zip Code
County           Lincoln
Telephone Number 405-650-7278
E-Mail Address (if known) jbashorun@dotsllc.net
☒ Individual capacity   ☐ Official capacity

Defendant No. 2
Name                       Dedicated Outpatient Therapy Services LLC
Job or Title (if known)
Address                    920770 Deer Ridge Lane
                 Wellston         OK      74881
                      City          State      Zip Code
County           Lincoln
Telephone Number 405-650-7278
E-Mail Address (if known) jbashorun@dotsllc.net
☐ Individual capacity   ☐ Official capacity

Page 2 of 6

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3
    Name
    Job or Title *(if known)*
    Address

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

    County
    Telephone Number
    E-Mail Address *(if known)*

☐ Individual capacity    ☐ Official capacity

Defendant No. 4
    Name
    Job or Title *(if known)*
    Address

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

    County
    Telephone Number
    E-Mail Address *(if known)*

☐ Individual capacity    ☐ Official capacity

**II.**    **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

    A.    Are you bringing suit against *(check all that apply)*:

        ☐ Federal officials (a *Bivens* claim)

        ☒ State or local officials (a § 1983 claim)

    B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

deprivation of rights

    C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

each defendent violated Constitutional rights protected by the Oklahoma + U.S. Constitution

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

Pottawatomie County

B.    What date and approximate time did the events giving rise to your claim(s) occur?

beginning April 2021

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

DoTS + J. Bashron denied access to my child, cut all communication and access along with any meaningful relationship.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Severed relationship with child

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Compensatory damages $750,000
Punitive damages $500,000

emotional distress, loss of parental rights, severed relationship, conspiracy of rights, interference of custody.

Page 5 of 6

## VI.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    June 9, 2025

Signature of Plaintiff

Printed Name of Plaintiff    Shawn Reed

### B.  For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

1) SHAWN REED, individually,

Plaintiff,

v.

1) JILL BASHORUN, in her individual and official capacity

as a Licensed Counselor; and

2) DEDICATED OUTPATIENT THERAPY SERVICES, LLC.

aka D.O.T.S., LLC,;

Defendants.

Jury Trial Demanded

Case No. _____

# COMPLAINT AND REQUEST FOR TRIAL BY JURY IN THE INTEREST OF JUSTICE, ACCOUNTABILITY AND TRANSPARENCY

**Table of Contents**

I. Table of Authorities..............................................................................................................3

    A. Constitutional Provisions............................................................................................3

    B. Cases - United States Supreme Court.......................................................................3

    C. Oklahoma Supreme Court and Court of Civil Appeals.............................................3

    D. Maxims Law / Legal Principles (Common Law)......................................................4

    E. Federal Statutes.........................................................................................................5

    F. Oklahoma Statutes.....................................................................................................5

    G. Oklahoma Administrative Code.................................................................................5

II. Introduction....................................................................................................................6

III. Jurisdiction and Venue..................................................................................................7

IV. Parties...........................................................................................................................7

V. Factual Allegations.........................................................................................................7

    A. Background of Custody Dispute................................................................................7

    B. Improper Delegation of Judicial Authority..............................................................8

    C. Conspiracy to Deprive Rights...................................................................................8

    D. Coercive Counseling Session....................................................................................9

    E. Refusal to Provide Session Information....................................................................9

    F. Monitoring of Communications.................................................................................9

    G. Lack of Judicial Oversight........................................................................................9

    H. Harm to Plaintiff and M.N.R....................................................................................10

VI. Allegations Regarding Administrative Misconduct And Ethical Violations...............10

VII. Legal Standing............................................................................................................11

VIII. Causes Of Action......................................................................................................12

A. Count I: Violation of Due Process (42 U.S.C. § 1983)........................................................12

B. Count II: Conspiracy to Deprive of Constitutional Rights (42 U.S.C. § 1983)..................12

C. Count III: Intentional Infliction of Emotional Distress (State Law)...................................13

D. Count IV: Negligence (State Law)......................................................................................13

E. Count V: Breach of Fiduciary Duty (State Law)................................................................13

F. Count VI: Fraud (State Law)...............................................................................................14

G. Count VII: Invasion of Privacy (State Law).......................................................................14

H. Count VIII: Tortious Interference with Parental Rights (State Law)..................................14

IX. Argument Against Jill Bashorun As Counselor.......................................................................15

X. Request For Relief.....................................................................................................................17

XI. Demand For Jury Trial.............................................................................................................18

## I.  Table of Authorities

### A.  Constitutional Provisions

1. U.S. Constitution First Amendment

2. U.S. Constitution Fourteenth Amendment

3. Oklahoma Constitution Article II, Section 2

4. Oklahoma Constitution Article II, Section 7

5. Oklahoma Constitution Article II, Section 30

### B.  Cases - United States Supreme Court

1. *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) – Procedural Due Process Standard

2. *Troxel v. Granville,* 530 U.S. 57, 65 (2000) – Parental Liberty Interest

3. *Stanley v. Illinois,* 405 U.S. 645, 651 (1972) – Parental Rights of Unwed Fathers

4. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) – Qualified Immunity Standard

5. *Hope v. Pelzer,* 536 U.S. 730, 739 (2002) – Clearly Established Rights Doctrine

6. *Dennis v. Sparks,* 449 U.S. 24, 27–28 (1980) – § 1983 Conspiracy with State Actor

7. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992) – Article III Standing

### C.  Oklahoma Supreme Court and Court of Civil Appeals

1. *Rowe v. Rowe,* 2009 OK 66,   10, 218 P.3d 518 – Counselors Cannot Decide Visitation

2. *Kelley v. Kelley,* 2007 OK 100,   12, 175 P.3d 400 – Advisory Role of Court-Appointed Professionals

3

3. *Guymer v. Guymer,* 2011 OK CIV APP 4, ¶¶ 15–20, 245 P.3d 638 – Limitations on Custody Evaluators

4. *Finger v. Finger,* 1996 OK CIV APP 147,   8, 923 P.2d 1195 – No Authority to Determine Visitation

5. *King v. King,* 2009 OK CIV APP 49, 212 P.3d 1232 – Parenting Coordinators' Limits

6. *In re S.B.C.,* 2002 OK 83,   6, 64 P.3d 1080 – "Clear and Convincing Evidence" Requirement

7. *Breeden v. League Servs. Corp.,* 1978 OK 27, 575 P.2d 1374 – Intentional Infliction of Emotional Distress

8. *Wilspec Techs., Inc. v. DunAn Holding Grp., Co.,* 2009 OK 12, 204 P.3d 69 – Elements of Tortious Interference

9. *West v. Atkins,* 487 U.S. 42 (1988) – Action Under Color of State Law by Private Parties

## D. Maxims Law / Legal Principles (Common Law)

1. *Ubi jus ibi remedium* – "Where there is a right, there is a remedy."

2. *Qui non prohibet quod prohibere potest, assentire videtur* – "He who does not forbid a crime when he can, commands it."

3. *Quod contra legem fit, pro infecto habetur* – "What is done against law is not done; it is considered not to have been done."

4. *Qui facit per alium facit per se* – "He who acts through another acts himself."

5. *A public office is a public trust* – Principle of accountability of public agents

4

6. *The law abhors ex parte interference with family rights* – Maxim of family law procedural fairness

## E. Federal Statutes

1. 28 U.S.C. § 1331 - Federal Question Jurisdiction

2. 42 U.S.C. § 1983 - Civil Action for Deprivation of Rights

3. 28 U.S.C. § 1367 - Supplemental Jurisdiction

4. 28 U.S.C. § 1391(b)(2) - Venue

5. 42 U.S.C. § 1988 - Attorneys' Fees

## F. Oklahoma Statutes

1. 10A O.S. § 1-2-101 – Mandatory Duty to Report Child Abuse

2. 10A O.S. § 1-4-905(B) – Standard of Proof for Terminating Parental Rights

3. 43 O.S. § 112(C) – Custody and Visitation Determination Reserved to Courts

## G. Oklahoma Administrative Code

1. OAC 86:10-3-1 - Responsibility of Licensed Counselors

2. OAC 86:10-3-4(a), (e) – Unprofessional Conduct / Candor to the Board

3. OAC 86:10-5-2 – Fitness for Licensure

4. OAC 86:10-7-4 – Client Confidentiality and Recordkeeping

## III. **Jurisdiction and Venue**

This Court has jurisdiction under 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983, for violations of Plaintiff's rights under the Fourteenth Amendment. Supplemental jurisdiction over state law claims is proper under 28 U.S.C. § 1367, as they form part of the same case or controversy.

Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this claim occurred in Pottawatomie County, Oklahoma, within this judicial district.

## IV. **Parties**

Plaintiff Shawn Reed is a resident of Foster, Oklahoma, and the father of a minor child, M.N.R., subject to custody proceedings in Case No. FP-2017-15 in the District Court of Pottawatomie County, Oklahoma.

Defendant Jill Bashorun is a counselor and the principal/owner of DOTS, LLC, appointed by the District Court of Pottawatomie County in Case No. FP-2017-15. She is sued in her individual capacity, acting under color of state law due to her court appointment.

Defendant DOTS, LLC is a limited liability company owned and operated by Jill Bashorun, through which she provided counseling services in the custody proceedings.

## V. **Factual Allegations**

### A. Background of Custody Dispute

In late 2017, Plaintiff was granted full custody of M.N.R. The respondent, Stacy Cornelius, had over 20 referrals to the Oklahoma Department of Human Services for substance abuse, neglect, mental injury, burglary, and domestic violence.

7

In late 2021, custody was modified, limiting Plaintiff to supervised visitation, despite no expert witness or any witness testimony or without clear and convincing evidence of unfitness or danger to M.N.R., as required by Oklahoma law. *In re S.B.C.,* 2002 OK 83,  6, 64 P.3d 1080.

### B. Improper Delegation of Judicial Authority

Defendants violated Oklahoma law. 43 O.S. § 112(C); *Rowe v. Rowe,* 2009 OK 66,  10; *Kelley v. Kelley,* 2007 OK 100,  12; *Guymer v. Guymer,* 2011 OK CIV APP 4, ¶¶ 15–20; *Finger v. Finger,* 1996 OK CIV APP 147,  8; *King v. King,* 2009 OK CIV APP 49, 212 P.3d 1232.

In or about July 2021, the District Court of Pottawatomie County improperly granted Defendants Jill Bashorun and DOTS, LLC authority to determine Plaintiff's visitation and communication with M.N.R. in Case No. FP-2017-15,Defendants restricted Plaintiff's visitation and communication, including denying holidays, overnights, calls, and familial association, without notice, a hearing, or an opportunity to contest, and without clear and convincing evidence of unfitness. *In re S.B.C.,* 2002 OK 83,  6.

From July 2021 to the present, Defendants have continued to provide counseling services and monitor group text messages between Plaintiff and the child's mother, despite DOTS, LLC being terminated three times during this period, further violating Oklahoma law.

### C. Conspiracy to Deprive Rights

Upon information and belief, Defendants conspired with Stacy Cornelius to deprive Plaintiff of his constitutional rights by agreeing to: (a) fabricate abuse allegations through coercive counseling sessions; (b) restrict Plaintiff's visitation and communication without lawful authority; and (c) monitor private group text messages to alienate M.N.R. from Plaintiff. Defendants took overt acts in furtherance of this conspiracy, including the coercive counseling

8

session, unauthorized monitoring, and refusal to provide session information, with the intent to sever Plaintiff's parental relationship.

### D. Coercive Counseling Session

In or about the year of 2021, Bashorun forced M.N.R. into a counseling session and coerced her to fabricate abuse allegations against Plaintiff and his wife. M.N.R. refused, resulting in a severe emotional meltdown and significant trauma.

Bashorun witnessed multiple testimonies from M.N.R. about abuse by the mother and stepfather and failed to report these incidents, endangering M.N.R. and violating her duty as a mandated reporter under 10A O.S. § 1-2-101.

This conduct violated Oklahoma law and ethical standards, which require counseling to serve the child's best interests and prohibit manipulation. 43 O.S. § 112(C); OAC 86:10-7-4.

### E. Refusal to Provide Session Information

Defendants have refused Plaintiff's requests for dates of service and session information, obstructing his ability to challenge their actions or protect M.N.R.'s welfare, in violation of OAC 86:10-7-4(b) and procedural due process. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

### F. Monitoring of Communications

Defendants monitored private group text messages between Plaintiff and the child's mother to attempt to further alienate the child and sever the parental relationship.

### G. Lack of Judicial Oversight

Defendants' actions—restricting visitation, coercing M.N.R., refusing session information, and monitoring communications, denying visitation with family during the death of the patriarch of the Adair family, deviating from the court order and agreeing with Stacy Cornelius to allow a new supervision monitor—were not subject to judicial review, denying

9

Plaintiff due process and the right to a hearing before an impartial judge. *Mathews v. Eldridge*, 424 U.S. at 333; 43 O.S. § 112(C); *Rowe v. Rowe*, 2009 OK 66,  10; *Kelley v. Kelley*, 2007 OK 100,  12; *Finger v. Finger*, 1996 OK CIV APP 147,  8.

### H. Harm to Plaintiff and M.N.R.

Defendants' misconduct caused a loss of meaningful contact with M.N.R., resulting in severe emotional distress and parental alienation. Loss of time with three great grandparents who passed during her time of dictatorship. Severe emotional trauma to M.N.R. from the coercive session and unreported abuse by the mother and stepfather. Denial of Plaintiff's ability to protect his parental rights due to withheld information and unauthorized monitoring. Lastly, financial costs, including legal fees incurred to challenge Defendants' actions in custody proceedings.

## VI.  Allegations Regarding Administrative Misconduct And Ethical Violations

Jill Bashorun, acting as principal and/or owner of DOTS, LLC, has exhibited a consistent pattern of administrative noncompliance and financial irresponsibility in her professional conduct within the State of Oklahoma.

Oklahoma Secretary of State records show that DOTS, LLC has been cited no fewer than six times for failing to comply with state filing and reporting requirements, culminating in a final, unreversed termination in December 2023. No corrective measures or reinstatement efforts have been undertaken.

During the period from her appointment in this case in July 2021 to the present, DOTS, LLC was terminated by the State of Oklahoma on three separate occasions, yet Bashorun continued to provide counseling services through this entity, constituting unauthorized practice in violation of state regulations.

10

Bashorun is currently subject to an active garnishment order from a lawsuit filed by the State of Oklahoma for unpaid state taxes, reflecting judicial recognition of her failure to fulfill financial obligations and a broader disregard for legal responsibilities.

These administrative failures violate the Oklahoma Administrative Code (OAC) and the Licensed Professional Counselors Act, including OAC 86:10-3-1 (Responsibility): Requires counselors to avoid dishonesty, fraud, deceit, or misrepresentation. Bashorun's failure to maintain her business in legal standing and unpaid tax liabilities constitute financial and administrative dishonesty. OAC 86:10-3-4(a) (Unprofessional Conduct): Defines unprofessional conduct as acts posing a threat to public safety. The tax garnishment and judicial action implicate this provision. OAC 86:10-5-2 (Fitness for Licensure): Provides grounds for denying licensure for lack of skills or professional conduct violations. Bashorun's conduct raises substantial questions. Lastly, OAC 86:10-3-4(e) (Candor to the Board): Requires full disclosure in licensure applications or investigations. Bashorun's failure to report the garnishment or LLC termination may violate this provision.

This pattern of noncompliance undermines Bashorun's professional competence, reliability, and ethical character, rendering her unfit to serve as a counselor in this case.

## VII.   Legal Standing

Plaintiff has standing under Article III such as injury: Loss of parental rights, emotional distress, trauma to the relationship with M.N.R., loss of time with the child, familial association and familial consortium. Causation: Defendants' actions under color of state law directly caused these injuries and redressability: Damages and injunctive relief will redress these injuries. *Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).*

## VIII.   Causes Of Action

### A. Count I: Violation of Due Process (42 U.S.C. § 1983)

Defendants, acting under color of state law, violated Plaintiff's Fourteenth Amendment rights by exercising unauthorized judicial authority to restrict visitation and communication, in violation of Oklahoma law. *Rowe v. Rowe*, 2009 OK 66,   10; *Kelley v. Kelley*, 2007 OK 100,   12; *Guymer v. Guymer*, 2011 OK CIV APP 4, ¶¶ 15–20; *Finger v. Finger*, 1996 OK CIV APP 147,   8; *King v. King*, 2009 OK CIV APP 49, 212 P.3d 1232; *Mathews v. Eldridge*, 424 U.S. at 333.

Imposing restrictions without clear and convincing evidence, effectively terminating Plaintiff's parental rights. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *In re S.B.C.*, 2002 OK 83,   6.

Coercing M.N.R. to fabricate allegations and failing to report abuse by others, causing trauma and prejudicing Plaintiff's rights. *Stanley v. Illinois*, 405 U.S. 645, 651 (1972).

Refusing to provide session information, denying Plaintiff a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. at 333. Monitoring private communications without authorization, further depriving Plaintiff of familial association and privacy.

These actions violated clearly established rights, negating qualified immunity, as a reasonable counselor would have known that Oklahoma law prohibits third parties from making visitation decisions. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

### B. Count II: Conspiracy to Deprive of Constitutional Rights (42 U.S.C. § 1983)

Defendants conspired with Stacy Cornelius to deprive Plaintiff of his Fourteenth Amendment rights by agreeing to fabricate abuse allegations, restrict visitation, deny

12

communications and monitor communications with intent to sever paternal relationship, and deny the minor child to attend a funeral with family. They took overt acts in furtherance of this conspiracy, including the coercive counseling session, and refusal to provide session information, with the intent to sever Plaintiff's parental relationship.

This conspiracy, in violation of clearly established law (*Rowe v. Rowe, Kelley v. Kelley, Guymer v. Guymer, Finger v. Finger, King v. King*), exacerbated the harm and warrants punitive damages for its malicious nature. *Dennis v. Sparks,* 449 U.S. 24, 27–28 (1980).

### C. Count III: Intentional Infliction of Emotional Distress (State Law)

Defendants' extreme and outrageous conduct—restricting visitation, coercing M.N.R., withholding information, denying communications, and operating through a terminated LLC—intentionally or recklessly caused severe emotional distress to Plaintiff and the relationship to M.N.R., exceeding all bounds of decency. *Breeden v. League Servs. Corp.*, 1978 OK 27, 575 P.2d 1374.

### D. Count IV: Negligence (State Law)

Defendants owed a duty of care to provide counseling services in accordance with professional standards and to report abuse as mandated by 10A O.S. § 1-2-101. They breached this duty by coercing M.N.R., restricting visitation without basis, failing to report abuse by the mother and stepfather, and engaging in unauthorized practice through a terminated LLC, causing harm to Plaintiff and his relationship with M.N.R. Defendants also deviated from the Court order and colluded with Stacy Cornelius to allow a new supervision monitor outside the prior court order.

### E. Count V: Breach of Fiduciary Duty (State Law)

13

As a court-appointed counselor, Defendants had a fiduciary duty to act in the best interests of M.N.R. and respect Plaintiff's parental rights. They breached this duty by coercing M.N.R., restricting visitation, failing to report abuse, and engaging in administrative misconduct, causing harm and deviating from the prior court order in collusion with Stacy Cornelius to allow a new supervision monitor.

### F. Count VI: Fraud (State Law)

Defendants made false representations to the court and Plaintiff about M.N.R.'s statements during counseling sessions, specifically that M.N.R. had alleged abuse by Plaintiff and his wife, when in fact she had not, and concealed abuse by the mother and stepfather. These statements were made in a recorded statement with Senator Shane Jett with his wife Ana, were known to be false, were intended to deceive, and were relied upon by the court in restricting visitation and by Plaintiff in his custody proceedings. Defendants maliciously contacted the hotline at OKDHS to make a referral of abuse on Petitioner and his wife, intended to further restrict Petitioner's contact and continue to sever his relationship.

### G. Count VII: Invasion of Privacy (State Law)

Defendants intruded upon Plaintiff with the child's mother with intent to further sever the parental relationship, causing emotional distress.

### H. Count VIII: Tortious Interference with Parental Rights (State Law)

Plaintiff had a protected parental relationship with M.N.R., including custodial and visitation rights, under 43 O.S. § 112 and the Fourteenth Amendment. *Troxel v. Granville,* 530 U.S. 57, 65 (2000).

Defendants intentionally interfered with this relationship by: (a) coercing M.N.R. to fabricate abuse allegations against Plaintiff in January 2021; (b) restricting Plaintiff's visitation

14

and communication without lawful authority from July 2021 to the present; (c) monitoring private communications with the child's mother; and (d) conspiring with Stacy Cornelius to alienate M.N.R. from Plaintiff.

Defendants' interference was improper and malicious, as it violated Oklahoma law prohibiting counselors from deciding visitation (*Rowe v. Rowe, 2009 OK 66,    10; Kelley v. Kelley, 2007 OK 100,    12; Guymer v. Guymer, 2011 OK CIV APP 4, ¶¶ 15–20; Finger v. Finger, 1996 OK CIV APP 147,    8; King v. King*, 2009 OK CIV APP 49, 212 P.3d 1232) and ethical standards (OAC 86:10-7-4).

Defendants' actions caused Plaintiff to lose meaningful contact with M.N.R., resulting in severe emotional distress, parental alienation, and financial costs, including legal fees to challenge the interference. See *Wilspec Techs., Inc. v. DunAn Holding Grp., Co.*, 2009 OK 12, 204 P.3d 69.

## IX.    Argument Against Jill Bashorun As Counselor

Jill Bashorun's unethical misconduct and moral turpitude—including her operation of DOTS, LLC during multiple terminations, unpaid tax obligations, coercive counseling practices, failure to report abuse, monitoring of communications with malice intent, and conspiracy with Stacy Cornelius and tortious interference with Plaintiff's parental rights—demonstrates a pattern of disregard for legal and ethical obligations. These actions violated Oklahoma law, which prohibits third parties from making visitation decisions (*Rowe v. Rowe, 2009 OK 66,    10; Kelley v. Kelley, 2007 OK 100,    12; Guymer v. Guymer, 2011 OK CIV APP 4, ¶¶ 15–20; Finger v. Finger, 1996 OK CIV APP 147,    8; King v. King*, 2009 OK CIV APP 49, 212 P.3d 1232), and ethical standards under OAC 86:10-7-4.

15

Bashorun's actions directly harmed M.N.R's image of Petitioner and severed their relationship, and prejudiced Plaintiff's rights, rendering her unfit to serve as a counselor in this case and necessitating her immediate removal. These actions were a violation of the Fourteenth Amendment for substantive Due Process; ""No state shall... deprive any person of life, liberty, or property, without due process of law." Violation of Plaintiff's fundamental right to the care, custody, and control of his child (as recognized in *Troxel v. Granville*, 530 U.S. 57, 65 (2000)) was infringed by Bashorun's actions. First Amendment – Freedom of Speech and Association, this was a violation when Bashorun monitored and interfered in my communication with my child constitutes viewpoint discrimination or retaliation when done with malicious or state-directed intent.

Substantive due process protects against arbitrary interference in family relationships, particularly when state actors (or those acting under color of law) invade those rights. Article II, § 2 – Inherent Rights "All persons have the inherent right to life, liberty, the pursuit of happiness, and the enjoyment of the gains of their own industry." Bashorun's violations of Interference with the Plaintiff's liberty interest in parenting and maintaining a family violates this inherent rights clause. Article II, § 30 – Unreasonable Searches and Seizures, interference in private parent-child communications (when done without judicial approval) constitutes an unlawful invasion of privacy.

Relevant Maxims Of Law (Black's Law Dictionary, 4th Edition And Common Law Principles): "The law will not suffer a wrong without a remedy." which is *Ubi jus ibi remedium.* Bashorun's actions caused harm to Petitioner's parental rights and must have a lawful recourse. "He who does not forbid a crime, when he can, commands it." which is *Qui non prohibet quod prohibere potest, assentire videtur.* Bashorun failed to report abuse and enabled harmful acts, she

16

implicated herself. "A person acting in official capacity is answerable for abuse of discretion." Bashorun operated under color of law (which includes court-appointed status), then her acts fell under §1983 scrutiny. "What is done against law is not done; it is not done at all." which is *Quod contra legem fit, pro infecto habetur.* Bashorun's unauthorized interference in custody or visitation without lawful authority is null. "He who acts through another acts himself." which is *Qui facit per alium facit per se.* Those who conspire or direct Bashorun (e.g., DHS, Cornelius) are equally liable. "The law abhors ex parte interference with family rights." Bashorun's direction of the visitation and communication tied to procedural due process; counseling or therapy practices that preempt judicial findings infringe liberty interests. "A public office is a public trust." Bashorun held appointments or licensures under state authority; she is subject to higher scrutiny for ethical conduct.

## X.    Request For Relief

WHEREFORE, Plaintiff requests and in the interest of Justice:

1. Compensatory damages of $750,000 for emotional distress, loss of parental rights, harm to the relationship with M.N.R.

2. Punitive damages in an amount of $500,000, to punish Defendants for their willful, malicious, and reckless disregard of Plaintiff's rights, exacerbated by their conspiracy, tortious interference, and unethical misconduct.

3. Injunctive relief barring Defendants from exercising judicial authority, conducting counseling in Plaintiff's custody proceedings, or having any further involvement in Case No. FP-2017-15.

4. Attorneys' fees and costs under 42 U.S.C. § 1988, retained for trial.

5. Such other relief as the Court deems just and proper.

17

## XI. **Demand For Jury Trial**

Plaintiff respectfully demands a jury trial on all triable issues and intends to call expert witnesses in child welfare fraud, ethics consultants, forensic accounting, and constitutional law to substantiate claims of systemic misconduct and financial misrepresentation by Jill Bashorun and Dedicated Outpatient Therapy Services, LLC.

Respectfully submitted,

Shawn Reed, Pro Se
17077 E. County Road 1610
Foster, OK 73434
580-656-1725
maddiesdad2024@gmail.com

18