IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN REED, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JILL BASHORUN and DEDICATED ) <br> OUTPATIENT THERAPY SERVICES, ) <br> LLC a/k/a DOTS, LLC, ) <br> ) <br> Defendants. ) | Case No. CIV-25-629-PRW |

# ORDER

Before the Court are the Defendants' Motion to Dismiss (Dkt. 10) and *pro se* Plaintiff's Response (Dkt. 15). Having considered the pleadings and applicable legal authorities, the Court **GRANTS** the Motion (Dkt. 10) and **DISMISSES** this case **WITHOUT PREJUDICE**.

*Background*

This is a 42 U.S.C. § 1983 action, alleging a deprivation of constitutional rights at the hands of a state actor. According to the Complaint (Dkt. 1), Plaintiff Shawn Reed was granted full custody of his child, M.N.R, in late 2017. In 2021, the custody arrangement was modified and Plaintiff was limited to supervised visitation with his child. Plaintiff alleges that this modification was based on insufficient findings under Oklahoma law. Prior to the modification of the custody arrangement, the Pottawatomie County District Court "improperly granted Defendants Jill Bashorun and DOTS, LLC authority to determine

1

Plaintiff's visitation and communication with M.N.R. in Case No. FP-2017-15[.]"[1] As a result of this arrangement, Plaintiff alleges that he has suffered an injury to his right of familial association under the Fourteenth Amendment, along with a variety of other constitutional and state statutory injuries. Plaintiff charges Defendants with improperly conspiring with his child's mother, failing to provide counseling session information to him, spying on his private communications, and coercing his child into participating in counseling sessions. Plaintiff seeks compensatory damages of $750,000, punitive damages of $500,000, attorneys' fees, and injunctive relief barring Defendants from "exercising judicial authority, conducting counseling in Plaintiff's custody proceedings, or having any further involvement in Case No. FP-2017-15."[2] Defendants subsequently sought dismissal of this case.

### *Standard of Review*

In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[3] All well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[4] Additionally, the Court must "draw all reasonable inferences in favor of the non-moving party[.]"[5] While factual allegations are taken as true, a court

---

[1] Compl. (Dkt. 1), at 8.

[2] *Id.* at 17.

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[4] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[5] *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019) (citation omitted).

2

need not accept mere legal conclusions.[6] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough to state a claim.[7] In analyzing a 12(b)(6) motion, courts are permitted to consider documents attached to the complaint, and can review "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[8]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[9] Courts should not, however, "assume the role of advocate for the pro se litigant.[10] And the broad construction of a pro se plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[11] Because a pro se plaintiff "requires no special legal training to recount the facts surrounding [their] alleged injury," their pro

---

[6] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[7] *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

[8] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (internal quotation marks omitted) (quoting *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir.2002)).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[10] *Id.*

[11] *Id.*

se status does not overcome the rule that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[12]

Plaintiffs are not required to set forth a prima facie case in their complaint.[13] Plaintiffs are, however, required to set forth plausible claims, so in determining whether a claim is plausible, the elements of a prima facie case are helpful.[14]

### *Analysis*

**I.    Defendants are immune from suit under 42 U.S.C. § 1983.**

In his Complaint (Dkt. 1), Plaintiff alleges that Defendants were granted "authority" by the Court to exercise control over Plaintiff's custody arrangement.[15] He later asks this Court to bar Defendants from "exercising judicial authority. . . ."[16] While in their Motion Defendants argue they are not state actors, the Court proceeds with its analysis based on Plaintiff's pleadings, accepting Plaintiff's contention as true that Defendants are exercising judicial authority and are thus entitled to quasi-judicial immunity. [17]

---

[12] *Id.* (citations omitted).

[13] *Khalik*, 671 F.3d at 1192.

[14] *Id.* at 1192; *see Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1054 (10th Cir. 2020); *Morman v. Campbell Cnty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015).

[15] Compl. (Dkt. 1), at 8.

[16] *Id.* at 17.

[17] Defendants' Response does not clearly indicate how Defendants became involved in this case in the first place, and whether their involvement indeed did stem from an appointment by the court to assist in the evaluation of M.N.R.

Stretching back to English courts at common law, judicial immunity is a well-settled mainstay of the American legal tradition.[18] Among the many reasons why the doctrine developed, it "protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants."[19] Officials who are not judges-in-name are entitled to immunity derivative of the judicial immunity doctrine, based on a functional test that considers whether the officer claiming the immunity acts functionally similar to a judge—exercising discretion in making judgments—rather than performing ministerial tasks.[20] It seems beyond dispute that a court-appointed therapist, evaluating a child and supposedly acting with the authority to determine the contours of a custody arrangement, is exercising discretionary judgment functionally comparable to that of a family court. Indeed, other courts have found that court-appointed doctors are entitled to absolute immunity derivative of judicial immunity when examining the mental health of a patient.[21] The result here would be the same whether the Court performed the aforementioned functional test, or if the Court peeked under the hood to determine whether quasi-judicial immunity should attach to the official because her "actions are integrally related to an

---

[18] *Forrester v. White*, 484 U.S. 219, 225 (1988) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).

[19] *Id.* (citing *Bradley*, 13 Wall. at 348).

[20] *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 436 (1993) (citing *Imbler v. Pachtman*, 424 U.S. 409, 423, n. 20 (1976)).

[21] *See, e.g., Rojas v. Meinster*, Case No. 19-cv-01896-LTB-GPG, 2019 WL 8331477, at *4 (D. Colo. Sept. 10, 2019) (citing *Bartlett v. Weimer*, 268 F.2d 860, 862 (7th Cir. 1959)); *Vietti v. (1) Welsh & McGough, PLLC*, Case No. 21-cv-00058-WPJ-SH, 2024 WL 870562 at *6 (N.D. Okla. Feb. 29, 2024) (finding that a court-appointed psychologist in a child custody case is entitled to quasi-judicial immunity).

ongoing judicial proceeding[.]"[22] Here, like the discretion test, Defendants' actions were inseparable from the court's task of determining the proper custody arrangement to fashion, as the court is entitled to rely on the reasoned judgment and observations of a trained professional who has spent time with the child at issue. Prudence further encourages that immunity extends to Defendants, for if such professionals would be subject to suit, family courts would risk a shortage of professional swilling to serve or would feel pressure to slant their opinions in favor of parties' they perceived as more litigious, depriving the courts of unbiased opinions upon which to rely in rendering judgments affecting children.[23] Accordingly, the Court finds that Defendants exercised quasi-judicial power and thus are immune from Plaintiff's § 1983 claims for damages.

## II. The Court abstains from granting equitable relief.

Courts are not to "interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[24] Further, "[a]bstention is mandatory where: 1) there are ongoing state proceedings; 2) the state court offers an adequate forum to hear the plaintiff's

---

[22] *Vietti*, 2024 WL 870562 at *5.

[23] *Id.* at 6 (quoting *Hathcock v. Barnes*, 25 P.3d 295, 297, n.1 (Okla. Civ. App. 2001)).

[24] *Reed v. Stitt*, Case No. CIV-24-984-D, 2024 WL 5131892, at *2 (W. D. Okla. Dec. 16, 2024) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1992) (internal quotation marks omitted)).

claims from the federal lawsuit; and 3) the state proceedings involve important state interests."[25]

A case related to this matter has already appeared in this District, wherein the Court there refused to wade into the matter based on *Younger* abstention.[26] While the Defendants and requested relief are different here, this Court, too, finds abstention necessary.

As Judge DiGiusti first found, the underlying state proceedings in this case, the child custody dispute, are the kind which warrant *Younger* abstention.[27] The most recent filing in the underlying state case is dated October 20, 2025, and it appears that the case is on appeal to the Oklahoma Supreme Court.[28] In his Response (Dkt. 15), Plaintiff says "there is no ongoing state judicial proceeding," but this is plainly not true. Accordingly, this Court agrees that the first prong favors abstention.[29]

As to the second prong, which counsels for abstention when the state court serves as an adequate forum for the plaintiff to press his claim, Plaintiff has failed to muster an argument as to why this prong has not been satisfied, simply stating that these are "harms not redressable in state court proceedings."[30] How so? Adequacy is not measured by

---

[25] *Id.* (internal citations omitted).

[26] *Id.*

[27] *Id.* at 3.

[28] See Case No. FP-2017-15, Pottawatomie County District Court; https://oscn.net/dockets/GetCaseInformation.aspx?db=pottawatomie&number=FP-2017-00015&cmid=8035311.

[29] Plf.'s Resp. (Dkt. 15), at 4.

[30] *Stitt*, 2024 WL 5131892 at *3.

whether the outcome in Plaintiff's case would be favorable to him.[31] Plaintiff has not cited any reason why he could not have challenged the appointment of Defendants in his state court proceedings, whether in the original trial or in the current appeal.[32] Accordingly, Plaintiff has failed to carry his burden to show that he was denied an adequate ability to press his claims in state court, thus the second prong of *Younger* favors abstention.

Finally, the third prong presses for abstention when important state interests are at play. That is the case here, as family relations are a core province of state power, and this case is intimately tied to a state custody proceeding.[33] Further, the ability of state courts to select their own officers falls squarely within the sort of state interests that federal courts should be apprehensive of invading.[34] Accordingly, the third prong also presses for abstention.

For all of these reasons, the Court abstains from providing equitable relief.

### III. The Court declines supplemental jurisdiction over the remaining state law claims.

Because the Court has denied relief under 42 U.S.C. § 1983, the only remaining causes of action stem from state law. Since the federal question that allows this Court to

---

[31] *Id.* (citing *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019)).

[32] *Id.* (citing *Goings v. Sumner Cnty. Dist. Atty's Off.*, 571 F. App'x 634, 638 (10th Cir. 2014)).

[33] *Id.* (citing *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996)).

[34] *See Gregory v. Ashcroft*, 501 U.S. 452, 463 (1991).

maintain supplemental jurisdiction has now been dismissed so early in this litigation, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.[35]

## *Conclusion*

Accordingly, the Court **GRANTS** the Motion (Dkt. 10) and **DISMISSES** the Complaint (Dkt. 1) **WITHOUT PREJUDICE**. Plaintiff is granted leave to file an Amended Complaint within 21 days of the filing of this Order.

**IT IS SO ORDERED** this 4th day of November 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[35] *RX Medical LLC v. Melton*, Case No. CIV-22-731-PRW, 2022 WL 4000712, at *1 (W. D. Okla. Sept. 1, 2022) (internal citations omitted).