## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAWN REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-629-PRW |
| | ) | |
| JILL BASHORUN and DEDICATED | ) | |
| OUTPATIENT THERAPY SERVICES, | ) | |
| LLC a/k/a DOTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Defendants Jill Bashorun and Dedicated Outpatient Therapy Services, LLC's Motion to Dismiss (Dkt. 24). Pro se Plaintiff Shawn Reed filed a Motion for Leave to File Response to Defendants' Motion to Dismiss Out of Time (Dkt. 26) on March 16, 2026, well past the February 20, 2026 deadline. However, Defendants have expressed no position on the Motion (Dkt. 26) and there is little likelihood Plaintiff's out-of-time Response (Dkt. 26, Ex. 1) will prejudice them. Accordingly, the Court **GRANTS** the Motion (Dkt. 26) and accepts the attached Response (Dkt. 26, Ex. 1). Accordingly, this matter has been fully briefed and is now ripe for review. For the reasons that follow, the Court **GRANTS** the Motion (Dkt. 24) and **DISMISSES** Plaintiff's federal claims **WITH PREJUDICE** and his state law claims **WITHOUT PREJUDICE**.

1

### *Background*

This is a 42 U.S.C. § 1983 action, alleging a deprivation of constitutional rights at the hands of Defendant Bashorun acting as a court-appointed psychologist through Dedicated Outpatient Therapy Services, LLC.

According to the First Amended Complaint (Dkt. 22), its attached exhibits, and the Memorandum of Law in Support of Plaintiff's Claims (Dkt. 23),[1] though unclear, it appears at an unspecified time that Plaintiff lost custody of his child, M.N.R. At some point in 2021, Defendant Bashorun was "appointed by the court to provide unification therapy" to Plaintiff and M.N.R.[2] In 2021, Plaintiff alleges that "Defendant took deliberate actions that resulted in the severance of communication between Plaintiff and his minor child."[3] Plaintiff asserts that Defendant Bashorun stymied Plaintiff's opportunity to modify the custody arrangement to allow him more than supervised visits with M.N.R., refused to facilitate phone calls between Plaintiff and M.N.R., and required Plaintiff's wife to vacate Plaintiff's residence during M.N.R.'s court-approved overnight visits. Further, Plaintiff alleges Defendant Bashorun conspired with M.N.R.'s mother to interfere with his parental rights.

---

[1] Though the Memorandum (Dkt. 23) is not referenced in Plaintiff's First Amended Complaint (Dkt. 22), the Court will nonetheless consider the supplement as constituting the whole of the First Amended Complaint (Dkt. 22).

[2] First Amend. Compl. (Dkt. 22), at 5.

[3] *Id.* at 7.

Plaintiff accuses Defendants of violating his Fourteenth Amendment rights, the Federal Wiretap Act,[4] and committing a variety of state torts. Plaintiff alleges that Defendant Bashorun's actions caused him severe emotional harm and injured his relationship with M.N.R., in addition to causing him to lose sleep, familial association, financial stability, his job, and his sense of self-worth.

Plaintiff seeks $750,000 in compensatory damages, $1,000,000 in punitive damages, statutory damages under the Federal Wiretap Act, attorneys' fees, and injunctive relief barring Defendant Bashorun from having further contact with M.N.R. and compelling production of all therapy records. Defendants now move to dismiss this case under Federal Rule of Civil Procedure 12(b)(6), arguing that their quasi-judicial authority leaves them immune from suit and that the Court should abstain from issuing injunctive relief.

The Court dismissed Plaintiff's original Complaint (Dkt. 1) on November 4, 2025, and gave Plaintiff leave to amend to address Defendants' quasi-judicial immunity and the Court's abstention.[5] He timely filed the present Amended Complaint (Dkt. 22) on January 16, 2026.[6]

---

[4] *See* 18 U.S.C. §§ 2511(1)(c), 2520.

[5] *See, generally,* Order (Dkt. 16).

[6] Plaintiff's original Amended Complaint was timely filed on November 25, 2025, but was subsequently struck for including identifying information as to M.N.R.

### *Standard of Review*

In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[7] All well-pleaded allegations in a complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[8] Additionally, the Court must "draw all reasonable inferences in favor of the non-moving party[.]"[9] While factual allegations are taken as true, a court need not accept mere legal conclusions.[10] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough to state a claim.[11] In analyzing a 12(b)(6) motion, courts are permitted to consider documents attached to s complaint, and can review "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[12]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[13] Courts should not, however, "assume the role of advocate for the pro se litigant.[14] And the broad construction of a pro se

---

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[8] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[9] *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019) (citation omitted).

[10] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[11] *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

[12] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (internal quotation marks omitted) (quoting *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir.2002)).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[14] *Id.*

plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[15] Because a pro se plaintiff "requires no special legal training to recount the facts surrounding his alleged injury," his pro se status does not overcome the rule that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[16]

Plaintiffs are not required to set forth a prima facie case in their complaints.[17] Plaintiffs are, however, required to set forth plausible claims, so in determining whether a claim is plausible, the elements of a prima facie case are helpful.[18]

*Analysis*

**I.    Defendants are immune from suit under 42 U.S.C. § 1983 and the Federal Wiretap Act.**

In his Amended Complaint (Dkt. 22), Plaintiff alleges that Defendant Bashorun "[a]t all relevant times . . . acted under color of state law in her capacity as a court-appointed therapist."[19]

Absolute immunity shields judges from liability for acts they perform in their judicial capacity, and this immunity extends to "certain others who perform functions

---

[15] *Id.*

[16] *Id.* (citations omitted).

[17] *Khalik*, 671 F.3d at 1192.

[18] *Id.* at 1192; *see Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1054 (10th Cir. 2020); *Morman v. Campbell Cnty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015).

[19] Amend. Compl. (Dkt. 22), at 6.

closely associated with the judicial process."[20] Captured in this category of judicial adjuncts are guardians ad litem and "court-appointed child custody evaluators," like Defendant Bashorun.[21] Plaintiff argues that Defendants are not entitled to quasi-judicial immunity because Defendants' actions "exceed[] any legitimate judicially related function."[22] He asserts that Defendants' alleged falsification of therapy records, improper monitoring of private communications, and interference with his relationship with M.N.R. place Defendants "outside the scope of any neutral evaluative function."[23] Plaintiff goes on to argue that such conduct "is not comparable to judicial decision-making and therefore is not automatically protected by quasi-judicial immunity."[24]

Quasi-judicial immunity has its limits. For example, it does not reach "acts taken in the clear absence of all jurisdiction."[25] Importantly, an act is not clearly outside all jurisdiction simply because it was erroneous, malicious, or in excess of the individual's authority.[26] Plaintiff has plead no facts to demonstrate Defendants acted in the clear absence of all jurisdiction, while the Amended Complaint (Dkt. 1) concedes that Defendant

---

[20] *Ward v. Fisher*, 2025 WL 1012868, at *3 (10th Cir. Apr. 1, 2025) (quoting *Dahl v. Charles F. Dahl, M.D., P.C. Defined Benefit Pension Tr.*, 744 F.3d 623, 680 (10th Cir. 2014) (internal quotations omitted)).

[21] *Id.* (citing *Dahl*, 744 F.3d at 630 (guardians ad litem); *Hughes v. Long*, 242 F.3d 121, 128 (3d Cir. 2001) (child custody evaluators)).

[22] Resp. (Dkt. 26, Ex. 1), at 3.

[23] *Id.*

[24] *Id.*

[25] *Dahl*, 744 F.3d at 630 (internal quotations and citations omitted).

[26] *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).

6

Bashorun was appointed by the court to provide reunification therapy to Plaintiff and M.N.R. Actions related to maintaining therapy records, monitoring Plaintiff's communications with M.N.R., and, otherwise related to his relationship with his child fall squarely within Defendant Bashorun's "core duties" in assisting the court in the custody dispute.[27] Plaintiff alleges that these actions were performed improperly, but that is not the same as showing they were done in the clear absence of all jurisdiction.[28] The Tenth Circuit has made clear that immunity such as this "does not protect only the innocent[;]" otherwise there would be no point to it.[29] Plaintiff would need to show that Defendant Bashorun's actions were completely unrelated to the child custody process in order to defeat her immunity defense.[30]

The Tenth Circuit has applied the same quasi-judicial immunity framework to claims brought under the Federal Wiretap Act. Accordingly, the Court analyzes Plaintiff's Wiretap Act claim under the same functional immunity principles applicable to his § 1983 claim.[31] Thus, the Court finds that Defendants are immune from Plaintiff's § 1983 and Federal Wiretap Act claims for damages.

---

[27] *Ward*, 2025 WL 1012868, at *3 (quoting *Dahl*, 744 F.3d at 630).

[28] *Id.*

[29] *Dahl*, 744 F.3d at 631 (citing *Snell v. Tunnell*, 920 F.2d 673, 687 (10th Cir. 1990)).

[30] *DeLia v. U.S. Department of Justice*, 2021 WL 4258758, at *3 (10th Cir. Sept. 20, 2021) (citing *Edge v. Payne*, 342 Fed. App'x 395, 399 (10th Cir. 2009) (quoting *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008))).

[31] *Dahl*, 744 F.3d at 631.

## II.     The Court abstains from granting equitable relief.

The Court originally abstained from exercising jurisdiction under *Younger v. Harris*.[32] Plaintiff's Amended Complaint failed to address or explain why the Court should not abstain under *Younger*. In his Response (Dkt. 26, Ex. 1), Plaintiff makes an undeveloped argument that abstention is not appropriate here because Plaintiff's claims are not fully redressable within the state proceedings since some of his claims arise under federal law. But state courts are capable of hearing claims brought under § 1983[33] and the Federal Wiretap Act.[34] Further, the Court has already denied Plaintiff damages against Defendants under § 1983 and the Federal Wiretap Act, leaving only his claims for injunctive relief and damages for the state tort claims remaining.

For the reasons originally provided in its first Order (Dkt. 16) dismissing Plaintiff's original Complaint (Dkt. 1)—which the Court incorporates here by reference and which Plaintiff has not meaningfully challenged—the Court will not interfere with this state custody proceeding by enjoining Defendant Bashorun from contacting M.N.R. and requiring her to turn over her therapy records.[35]

---

[32] Order (Dkt. 16), at 7.

[33] *Nevada v. Hicks*, 533 U.S. 353, 366 (2001).

[34] *Isaacson v. Isaacson*, Case No. CIV-10-678, 2011 WL 1327420, at *2 (W.D. Okla. Apr. 6, 2011).

[35] *See id.* at 6–8.

III.    **The Court declines supplemental jurisdiction over the remaining state law claims.**

Because the Court has denied relief under 42 U.S.C. § 1983 and the Federal Wiretap Act, the only remaining causes of action stem from state law. Since the federal questions that allow this Court to maintain supplemental jurisdiction have now been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.[36]

### Conclusion

Accordingly, the Court **GRANTS** the Motion (Dkt. 24) and **DISMISSES** the Amended Complaint (Dkt. 22). The Court previously explained to Plaintiff why his claims in his original Complaint (Dktt. 1) failed and provided him with an opportunity to cure those deficiencies.[37] Because Plaintiff failed in his second attempt to cure those legal deficiencies with sufficient facts, the Court finds that any additional amendment would be futile. Further, the Court struck Plaintiff's original Amended Complaint (Dkt. 17) because Plaintiff included identifying information concerning a minor child, in violation of Rule 5.2(a).[38] Plaintiff was warned that failure to properly redact such information would potentially result in either the striking of future filings or other appropriate action.[39] Plaintiff's allegedly redacted Amended Complaint (Dkt. 22) includes photographs of M.N.R., her name, and mental health records. Thus, because further amendment would be

---

[36] *RX Medical LLC v. Melton*, Case No. CIV-22-731-PRW, 2022 WL 4000712, at *1 (W. D. Okla. Sept. 1, 2022) (internal citations omitted).

[37] *See, generally,* Order (Dkt. 16).

[38] Order (Dkt. 21).

[39] *Id.*

futile and because of Plaintiff's failure to follow Court orders and Rule 5.2, the Court's dismissal as to the federal claims is **WITH PREJUDICE.**[40] Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to seal Plaintiff's Amended Complaint (Dkt. 22). A final judgment will follow.

IT IS SO ORDERED this 24th day of April 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[40] *Knight v. Mooring Capital Fund, LLC* (749 F.3d 1180, 1190–91 (10th Cir. 2014) (internal citations omitted).